-FILED-
AUG 12 2026
At ______ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

By leonard a.mckenzie III
Without Prejudice
VOID WHERE PROHIBITED BY LAW
Care of postal service address:
[802 E.Bowman St South Bend, Indiana]
USA without USDC
Zip exempt, nut near 46628

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT COURT OF INDIANA
# SOUTH BEND DIVISION

**leonard a mckenzie iii, a man (unrepresented)** )
)
*Complainant* )
)
)
v )

**CAUSE NO: [3:25-CV-304 DRL-SJF]**

**Hon. Damon R. Leichty**
**Magistrate Judge Scott J. Frankel**

**DAKOTA CREMEANS** individually and in his )
official capacity as a South Bend Police Officer **(Badge #4336)**

**MICHAEL J. INGLES** individually and in his )
official capacity as a South Bend Police Officer **(Badge #379)**

**ZACKARY CHARLES OVERTON** individually and in his )
official capacity as a South Bend Police Officer **(Badge #2292)**

**CITY OF SOUTH BEND**, an Indiana municipality

*Defendants*

---

## COMPLAINANT'S EMERGENCY, OMNIBUS MOTION FOR ENTRY OF DEFAULT JUDGMENT AS A TERMINATING SANCTION PURSUANT TO FRCP 37(b) AND 37(e)(2) BASED ON IRREFUTABLE EVIDENCE OF DATA TRUNCATION, COGNIZANT RETALIATORY ANIMUS, ADMINISTRATIVE FRAUD, AND THE SYSTEMIC OBSTRUCTION OF STATE AND FEDERAL JUSTICE

COMES NOW, leonard antowyne mcKenzie III, (unrepresented), and respectfully moves this Court to strike the Answer of all Defendants in its entirety, enter a Default Judgment on liability against all named Defendants, schedule an immediate evidentiary hearing solely to determine compensatory and punitive damages, and grant ancillary equitable relief. In support of this ultimate sanction, One states:

## I. PROCEDURAL TIMELINESS AND ADJUDICATIVE WAIVER UNDER LOCAL RULE 7-1

1. On July 20, 2026, at Docket Entry No. 57, Complainant formally filed a comprehensive Motion for Sanctions, to Compel Production of Missing BWC Footage, for Adverse Inference, and for Referral for Disciplinary Action Based on Newly Discovered Evidence of Fraud, Spoliation, Defamation,

Obstruction, and Deceptive Practices by Defense Counsel, backed by 80 pages of irrefutable documentary exhibits.

2. Under N.D. Ind. Local Rule 7-1(d)(3)(A), Defendants had a strict 14-day window to file any response brief to a motion. That response window expired on August 3, 2026, with zero submissions from the defense. Defendants have failed to file a single brief, responsive document, or request for an extension of time. Local Rule 7-1(d)(5) expressly provides that "the court may rule on a motion summarily if an opposing party does not file a response before the deadline." By remaining entirely silent on the electronic docket, Defendants have legally conceded the truth of Complainant's allegations of systemic bad faith and waived all legal objections to the entry of terminating sanctions.

3. Furthermore, on July 14, 2026, Complainant formally filed his Response to Defense Counsel's Request to Schedule Deposition and Notice of Incomplete Discovery (Doc. 56), placing this Court and Defense Counsel Stephanie L. Nemeth on explicit notice that proceeding with an emergency deposition while holding corrupted physical evidence hostage is severely prejudicial and legally premature. Defendants have wholly ignored this filing as well.

4. Complainant's prior motions, including the Renewed Motion to Compel (Doc. 47, filed May 26, 2026), Motion for Protective Order (Doc. 52, filed June 23, 2026), and Motion for Sanctions (Doc. 57, filed July 20, 2026), remain unopposed and unruled upon. Defendants have not responded to any of them.

## II. INSTITUTIONAL RETALIATORY ANIMUS AND INTER-DEPARTMENTAL CONSPIRACY

5. At the time of the illegal warrantless search and seizure on January 28, 2023, Complainant had an active, high-stakes appeal pending before the Indiana Court of Appeals under Case No. 22A-CR-02508 (arising from Lower Court Case No. 71D05-1710-CM-004459). Complainant initiated that appeal on December 21, 2022—exactly 38 days prior to the illegal warrantless raid conducted by Dakota Cremeans, Zachary Overton, and Mike Ingles of the South Bend Police Department acting under the color of law.

6. During the events of January 28, 2023, Officer Dakota Cremeans explicitly weaponized information illegally obtained through an initial warrantless plate running and curtilage search to target Complainant. He referenced this illegally obtained knowledge of Complainant, stating to Lieutenant Ingles: **"It's baby daddy Leonard... something took it in his Land Rover back in 2021. That was the original report."** This statement confirms that Officer Cremeans and the South Bend Police Department possessed acute, pre-existing knowledge of Complainant's identity, his past vehicles, and his history of filing repetitive administrative complaints regarding institutional misconduct.

7. This statement unmasks a coordinated, retaliatory campaign across municipal departments designed to target Complainant for challenging his wrongful conviction on appeal against prominent local state actors—including former officer Hunter Miller, officer Joseph Galea, Magistrate Jenny Pitts Manier, Court Reporter Cindy Graff, Defense Attorney Michael K. Wandling, Lead Prosecuting Attorney Kenneth P. Cotter, Deputy Prosecuting Attorney Robert Micheal Swaby, Deputy Prosecuting Attorney Adam Taylor, Christopher Kozelichki, Elizabeth Hardtke, on appeal.

8. The short timeline (38 days) between the filing of the appeal and the retaliatory search, combined with verbal proof of targeted identity, satisfies the causation standards for a First Amendment retaliation claim under *Nieves v. Bartlett*, 139 S. Ct. 1715 (2019). The defendants actively weaponized municipal police powers to disrupt, harass, and prevent Complainant from perfecting

his defense and pursuing justice on appeal.

## III. PHYSICAL EVIDENCE OF SURVEILLANCE TRUNCATION AND OMISSION

9. To hide the illegal nature of this targeted raid, the electronic surveillance records have been systematically altered, cropped, and suppressed.

10. **The Truncation of MVR Data:** The newly produced file Ptlm_Cremeans_MVR_Impound.mp4 abruptly begins at 14:35:10 EST, showing Officer Cremeans already outside his patrol vehicle and actively trespassing on Complainant's private property. The defense has completely withheld and deleted the preceding portion of the recording showing where Cremeans was driving from, what triggered his approach, and his initial unlawful entry onto the curtilage. **Ingles' MVR footage was never produced at all,** despite being identified in Defendants' Initial Disclosures. The footage does not show where Ingles was driving from, and his BWC footage only shows him arriving on the scene.

11. **The Muting of Supervisor Communications:** At 15:24:30 EST, the true hostility of the encounter is laid bare when Lieutenant Michael Ingles states directly to Officer Dakota Cremeans: **"Watch out for this dude. He'll come out shooting."**

12. This statement constitutes flagrant defamation per se, demonstrates overt racial and class-based bias, and intentionally manufactured a false, life-threatening danger for Complainant during a peaceful civil interaction. This statement stands as a structural violation of the South Bend Police Department Policy Manual Policy 300 (Use of Force) and the Law Enforcement Training Board (LETB) Statewide Policy.

13. Immediately following this statement and during the arrival of supervisor Michael J. Ingle, the audio tracks on both Ptlm_Cremeans_BC_Impound.mp4 and Lt_Ingle_BC_Impound.mp4 were deliberately muted for exactly 1 minute and 10 seconds to wipe out the legal record of their retaliatory agreement.

14. **Zackary Overton's BWC footage has been entirely withheld.** Defendants produced only his MVR footage. Overton was an active participant on scene who endorsed Cremeans' actions by stating: **"I'M WITH YOU ALL THE WAY."** Stripping this BWC record constitutes severe spoliation.

## IV. ADDITIONAL TRANSCRIPT EVIDENCE OF CONSPIRATIVE RETALIATORY INTENT

15. **Warrantless Entry and Early Intent:** Dakota Cremeans' BWC footage (Ptlm_Cremeans_BC_Impound.mp4) records him exiting his patrol car at 14:31:04 EST, stepping onto Complainant's domain at 14:31:14 EST, removing snow to inspect the VIN at 14:31:18 EST, and photographing it with his personal phone at 14:31:44 EST. Cremeans then radios dispatch at 14:34:08 EST requesting a follow-up after completing his initial warrantless intrusion.

16. At 14:42:22 EST, Defendant Cremeans picks up his cell phone and establishes his explicit knowledge that no crime regarding the vehicle was occurring, stating verbatim: **"Hey dumb question because I'm getting confused here... so this vehicle parked on the side of the road obviously it has a stolen plate on it, the vehicle is NOT stolen itself. Complainant lives at this address and all this stuff. So I was planning on towing it. Its really weird because the Complaint is from this address and the vehicle that's stolen is the Land Rover. Her Boyfriend. Its this Land Rover and it has it on it. So. My guess is it got stolen from her residence and then she got it back and left it on his vehicle so. Then said he goin to put the truck in as impounded. They didn't answer the door, somebody came to the window but**

**they didn't answer the door."**

17. At 15:19:10 EST, Lieutenant Michael J. Ingles arrives on scene. Cremeans immediately bends down into Ingles' patrol car window and explicitly outlines his targeted focus on Complainant, cross-referencing past inter-departmental narratives dating back to 2021: **"Hello Sir. So. I just ran the plate cause I got a Land Rover stolen last week. So I run the plate on the vehicle the plate comes back stolen to a lady named like townskin or whatever. So then the vin on the vehicle comes back to a lady down in Zion Ville? Zionsville. So none of that. I read the original report, the original report is the lady that reported it stolen. She reported it stolen from here because she lives here. It's baby daddy Leonard. something took it in his Land Rover back in 2021. That was the original report."**

18. Command Supervisor Ingles explicitly ratifies the lack of probable cause and independent ownership, stating:
    - Lt. Ingles: "but it's not the lady from Zionsville?"
    - Cremeans: "NO."
    - Lt. Ingles: "OK."
    - Cremeans: "No that's completely different that owns this car."
    - Lt. Ingles: "OK."

19. This exchange proves the responding personnel proceeded with an extrajudicial property seizure with full, actual knowledge that the vehicle was privately owned and separate from the stolen plate reporting system, validating Complainant's claims of targeted retaliation under First Amendment metrics.

## V. CRYPTOGRAPHIC EVIDENCE OF FORENSIC DISCOVERY FRAUD

20. The Chain of Custody Logs (RFP 3) included within Complainant's 80 pages of exhibits [Doc. 57-1] prove that the digital files were edited across multiple years to erase evidence of misconduct:

*Table 1: Chain of Custody Log for Officer Cremeans' ICC Footage*

| Individual | Date | Action | Significance |
|---|---|---|---|
| David Herron | Jan. 30, 2023 | Media flag added, media info viewed, authoring job submitted and exported multiple times | Early alteration |
| Sarah Curl-Larson | May 17, 2023 | On demand request, authoring job submitted, MP4 authoring job complete with MD5Hash: 40C194131BA9C96CBB1F9E4D8985 213D | First export (Original baseline digital fingerprint) |
| Aaron Knepper | July 6, 2023 | Classification added - "Pending Litigation" | Acknowledged active litigation hold |
| Danielle Weiss | May 17, 2024 | Authoring job submitted for redaction, APRA, export job deleted | Redaction; deletion of export job to systematically erase audit trail |
| Dakota Cremeans | 2025–2026 | Multiple accesses | Continued alteration and manipulation |
| Michael Ingles | 2025–2026 | Multiple accesses | Continued alteration and manipulation |

| | | | |
|---|---|---|---|
| Kylie Connell | June 10, 2025 | Authoring job submitted for redaction, litigation, export job complete with MD5Hash: CC7C1CBD09A0009B57669B78FC1 E9BCF | Altered Hash: Different MD5 hash mathematically confirms digital alteration between 2023 and 2025 |

*Table 2: Chain of Custody Log for Lieutenant Ingles' BWC Footage*

| Individual | Date | Action | Significance |
|---|---|---|---|
| Sarah Curl-Larson | Aug. 10, 2023 | Accessed, completed MP4 Authoring Job | First export |
| Kylie Connell | June 10, 2025 | Accessed, completed MP4 Authoring Job with MD5Hash: D360361A199662D73DBC4AD4F2B 145E9 | Alteration and data manipulation confirmed |

*Table 3: Chain of Custody Log for Officer Cremeans' MVR Footage*

| Individual | Date | Action | Significance |
|---|---|---|---|
| David Herron | Jan.–Feb. 2023 | Multiple exports | Early alteration |
| Danielle Weiss | May 2024 | Redaction | Redaction executed concurrently with fraudulent APRA denial response |
| Kylie Connell | June 2025 | Redaction | Subsequent modification; final alteration confirmed |

21. **Total Suppression of Officer Overton's BWC Data:** Defendants have completely suppressed and withheld Officer Overton's body-worn camera (BWC) footage, turning over only mobile video recorder (MVR) data. Overton was an active participant on scene who endorsed the unconstitutional, retaliatory raid by explicitly stating, **"I'M WITH YOU ALL THE WAY."** Stripping this BWC record constitutes severe spoliation of electronically stored information (ESI).

22. **Total Suppression of Lieutenant Ingles' MVR Data:** Defendants have completely suppressed and withheld Lieutenant Ingles' mobile video recorder (MVR) footage, turning over only his BWC data. Ingles' MVR footage would show where he was coming from, his patrol route, and his actions prior to arrival. The BWC footage only shows him driving up to the scene. Stripping this MVR record constitutes severe spoliation.

## VI. SYSTEMIC VIOLATION OF LITIGATION PRESERVATION NOTICES

23. On June 6, 2023, the City of South Bend Department of Law issued explicit Preservation Notices suspending normal record retention policies and ordering the strict preservation of all data related to the January 28, 2023 incident. Every single listed recipient—including Police Chief Scott Ruszkowski, Division Chief Joe Leszczynski, Captain David Herron, Lieutenant Micheal J. Ingles, Sergeant Daniel Demler, Officer Dakota Cremeans, Officer Zackary Charles Overton, and Sherri Wildes—flagrantly violated this mandatory legal directive by altering file hashes, deleting export logs, and suppressing Overton's BWC files and Ingles' MVR files.

24. This destruction of evidence directly contradicts Senior Assistant City Attorney Danielle Weiss's September 30, 2024 APRA public records certification (AR24-1429), which falsely asserted that no camera records existed because they were "no longer retained" under municipal schedules. Defense counsel's subsequent attempt to blame a "misunderstanding" related to an irrelevant 2021 incident is a provable falsehood on the face of the record. Complainant's August 21, 2024 APRA submission explicitly and unambiguously cited the January 28, 2023 incident date and named officers Cremeans (2336), Ingles (379), and Overton (2292).

## VII. CONTINUOUS RETALIATORY SURVEILLANCE AND HARASSMENT

25. Since the initial unconstitutional seizure, and continuing directly through the current litigation phase, the South Bend Police Department has engaged in an active, continuous campaign of First Amendment retaliatory surveillance and intimidation at Complainant's domain, as detailed in the log manually filed as Document 20 on October 21, 2025.

26. This campaign is further corroborated by (19) more additional undocumented incidents of unconstitutional stalking, including just 2 days after seizure on Jan. 31, 2023 patrol car (3083). Repeated targeted surveillance in 2025 by numerous Patrol Cars (3206) on July 12, 2025, (3198) on July 22, 2025, (3146) on September 4, 2025, (unidentified patrol car) on October 3, 2025, (3021) on November 4, 2025, (3107) on November 7, 2025, (3204) on November 12, 2025, (unidentified patrol car) on November 13, 2025, (unidentified patrol car) on November 29, 2025, (3126) on December 6, 2025, (3206) on December 11, 2025, (unidentified patrol car) on December 20, 2025, (unidentified patrol car) on December 21, 2025, (3218) on December 21, 2025, (3206) on January 8, 2026, (3171) on January 14, 2026, (6372) on March 31, 2026, (3193) on May 24, 2026 extending into mid-2026. These are the additional dates added also, to corroborate Document 20 Scan Disk filing as well. This systemic weaponization of municipal police powers during a pending civil rights lawsuit makes the administration of a fair trial impossible.

## VIII. LEGAL ARGUMENT FOR TERMINATING SANCTIONS

27. **FRCP 37(e)(2) Mandates Default Judgment:** Under Federal Rule of Civil Procedure 37(e)(2), when a party fails to preserve critical ESI because they acted with the specific "intent to deprive" an opponent of that information in litigation, the rules explicitly empower the court to enter a Default Judgment. The physical suppression of Overton's BWC files and Ingles' MVR files, paired with the active manipulation of MD5 hashes on the files of Cremeans and Ingles, cannot be excused as an administrative mistake. The finding of intent required by Rule 37(e)(2) can support not only an inference that the lost information was unfavorable to the party that intentionally destroyed it, but also an inference that the opposing party was prejudiced by the loss of information that would have favored its position. Advisory Committee Note to 2015 Amendment.

28. **Inherent Power to Overcome Fraud Upon the Court:** Litigants are entirely bound by the fraudulent, deceptive acts and omissions of their chosen counsel. *See Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent."). Introducing doctored video clips into federal discovery while certifying them under FRCP 26(g) as a "true and accurate production" constitutes an unconscionable fraud upon the court. Under *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), terminating sanctions are required because the original evidentiary core of this litigation has been permanently corrupted by the defense. The Court in *Chambers* held that federal courts have the inherent power to manage their own proceedings and to control the conduct of those who appear before them, and a court may exercise discretion in fashioning an appropriate sanction, "which may range from dismissal of a lawsuit to an assessment of attorney's fees." *Id.* at 43-46.

29. **Default Under Rule 37(b)(2)(A):** Under Rule 37(b)(2)(A), where a party fails to obey a discovery order, the court may enter default judgment. Complainant's pending Renewed Motion to Compel (Doc. 47), Motion for Protective Order (Doc. 52), and Motion for Sanctions (Doc. 57) remain unopposed and unruled upon. The defendants' failure to respond, combined with their systemic evidence destruction, warrants default.

30. **Defendants' Silence Constitutes Waiver:** Under Local Rule 7-1(d)(5), "the court may rule on a

motion summarily if an opposing party does not file a response before the deadline." Defendants have filed no response to any of Complainant's pending motions. Their silence constitutes a waiver of any opposition and an admission of the facts alleged

## IX. PRAYER FOR RELIEF

WHEREFORE, Complainant leonard antowyne mckenzie III respectfully requests that District Judge Damon R. Leichty and Magistrate Judge Scott J. Frankel enter an Order:

1. **STRIKING** the Answer of all Defendants in its entirety;

2. **ENTERING A DEFAULT JUDGMENT ON LIABILITY** against Defendants City of South Bend, Dakota Cremeans, Michael J. Ingles, and Zachary Charles Overton;

3. **STAYING AND VACATING** the upcoming August 19, 2026 discovery deadline, and scheduling an immediate evidentiary hearing solely to determine compensatory and punitive damages;

4. **ORDERING** Defense Counsel to produce the raw, unedited native master digital files matching the baseline 2023 MD5 hashes directly to the Court for an *in camera* physical inspection within seven (7) days;

5. **ISSUING** formal judicial referrals of Attorneys Stephanie L. Nemeth and Danielle Weiss to the Indiana Supreme Court Disciplinary Commission for deceptive practices and violations of the Duty of Candor toward the Tribunal; and

6. **ENTERING** formal findings of systemic evidentiary corruption and administrative fraud, and certifying this record directly to the Indiana Court of Appeals to serve as a baseline for the immediate reopening, vacatur, and reversal of the contaminated underlying conviction in Case No. 22A-CR-02508 / Lower Court Case No. 71D05-1710-CM-004459.




Respectfully submitted,

leonard a. mckenzie

By leonard a. mckenzie
**Without Prejudice**
VOID WHERE PROHIBITED BY LAW
In Care of postal service address:
802 E.Bowman St South Bend, Indiana]
USA without USDC
Email: 4yooinfo@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2026, a true and correct copy of the foregoing Emergency, Omnibus Motion for Entry of Default Judgment was served upon Defendants' counsel via email and certified mail, return receipt requested, addressed as follows:

Stephanie L. Nemeth
Buari Nemeth, LLC
100 E. Wayne Street, Suite 315
South Bend, IN 46601
nemeth@bn-legal.com

leonard [illegible]enzie
In Care of [802 E. Bowman Street]
[South Bend, Indiana] [466[illegible]]

CERTIFIED MAIL®

9589 0710 5270 3830 8183 85

First Class U.S. Mail
Statutory Non-Domestic Fully Pre-Paid
12 Stat. at Law, Ch. 71, Sec. 23
Federal Offense to collect additional postage
18 USC 1726 ["without the United States"]

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

INDIANA ... AUG 2025 PM 5 L

Northern District of Indiana
South Bend Division
204 S. Main Street
South Bend, Indiana
46601

46601-212299