Without Prejudice
VOID WHERE PROHIBITED BY LAW
Care of postal service address:
(302 E.Bowman St South Bend, Indiana)
USA without USDC
Zip exempt, but near 46628

-FILED-
OCT 21 2026
At ___ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT COURT OF INDIANA
# SOUTH BEND DIVISION



**leonard a mckenzie iii, a man (unrepresented)** )
)
*Complainant* )
)
)
v )

**CAUSE NO: [3:25-CV-304 DRL-SJF]**

**Hon. Damon R. Leichty**
**Magistrate Judge Scott J. Frankel**

**DAKOTA CREMEANS** individually and in his )
official capacity as a South Bend Police Officer **(Badge #4336)**

**MICHAEL J. INGLES** individually and in his )
official capacity as a South Bend Police Officer **(Badge #379)**

**ZACKARY CHARLES OVERTON** individually and in his )
official capacity as a South Bend Police Officer **(Badge #2292)**

**CITY OF SOUTH BEND**, an Indiana municipality

*Defendants*

---

## SUPPLEMENTAL MOTION FOR ENTRY OF DEFAULT JUDGMENT WITHOUT AN EVIDENTIARY HEARING, ON THE PAPER RECORD

COMES NOW Complainant Leonard A. McKenzie III, appearing *sui juris*, and respectfully moves this Court to enter default judgment on liability and damages on the paper record, without an evidentiary hearing. In support, Complainant states:

## I. PROCEDURAL BASIS FOR JUDGMENT WITHOUT A HEARING

1. Rule 55(b)(2) permits the Court to conduct a hearing to determine damages, but such a hearing is discretionary. *Domanus v. Lewicki*, 643 F.3d 1021, 1031 (7th Cir. 2011) (affirming default judgment without hearing where damages were documented by affidavit).

2. Rule 37(e)(2)(C) provides that where a party acts with intent to deprive another of ESI, the Court may enter default judgment. The evidence of intent is established on the face of Defendants' own records.

3. Under N.D. Ind. L.R. 7-1(d)(4), "the court may rule on a motion summarily if an opposing party does not file a response before the deadline."

4. Defendants have not responded to:
- Complainant's Threshold Affidavit of Fraud (DE 42);
- Renewed Motion to Compel (DE 47);
- Motion for Protective Order (DE 52);
- Emergency Motion for Sanctions (DE 54);
- Motion for Sanctions (DE 57).

5. Defendants' silence is an admission under L.R. 7-1(d)(4) and a waiver of opposition.

## II. LIABILITY IS ESTABLISHED ON THE FACE OF THE RECORD

6. The BWC timestamps (DE 57, Ex. 1–15) establish that Cremeans entered the curtilage at 14:31:04 EST and did not run the plate until 14:36:57 EST—more than five minutes after the entry and after scraping the VIN and knocking on the door.

7. The Chain of Custody Logs (DE 65) establish:
- Danielle Weiss deleted export jobs for Cremeans' and Ingles' footage on May 17, 2024;
- Kylie Connell performed litigation redactions on June 10, 2025;
- Overton's BWC footage was deleted on January 28, 2025 under a "Deleted incident — Media Deleted" retention entry.

8. The MD5 hashes establish that the produced files are different from the original 2023 files.

9. The Oaths of Office (DE 42-1) establish that each officer swore to uphold the Constitution and speak the truth.

10. These facts are not disputed. Defendants have filed no response to the motions that present them.

## III. DAMAGES ARE CALCULATED AND UNDISPUTED

11. The $2,951/day rate was placed on the record at the February 18, 2026 conference. When the Court asked for objections, Attorney Nemeth answered "No" (DE 39).

12. The damages calculation of $8,410,409 as of October 21, 2026 is set forth in the Declaration submitted with Complainant's Motion for Immediate Production (Doc. 81).

13. The calculation is mechanical: 1,358 days × $2,951 = $4,007,858 in loss-of-use damages, plus compensatory, punitive, and statutory amounts.

14. No witness testimony is required to establish this calculation. The record suffices.

## IV. PRAYER FOR RELIEF

WHEREFORE, Complainant respectfully requests that the Court:

(a) enter default judgment on liability against all Defendants under Rule 37(e)(2)(C) and the Court's inherent authority;

(b) award damages in the amount of **$8,410,409** as of October 21, 2026, with loss-of-use damages continuing to accrue at $2,951 per day;

(c) issue an adverse inference instruction under Rule 37(e)(2);

(d) order the immediate return of Complainant's 2006 Land Rover Range Rover;

(e) certify the record to the Indiana Court of Appeals in connection with Case No. 22A-CR-02508 / 71D05-1710-CM-004459; and

(f) grant such other and further relief as the Court deems just and proper.
Respectfully submitted,




Respectfully submitted,

leonard a mckenzie

By leonard - Sui Juris
**Without Prejudice**
VOID WHERE PROHIBITED BY LAW
Care of postal service address:
[802 E.Bowman St South Bend, Indiana]
USA without USDC
Zip exempt, nut near 46628

**CERTIFICATE OF SERVICE**

I certify that on October 21, 2026, I served a copy of the foregoing Motion on Stephanie L. Nemeth, counsel for Defendants, Buari Nemeth, LLC, 100 E. Wayne Street, Suite 315, South Bend, IN 46601, by first-class U.S. Mail, postage prepaid.