UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| LEONARD ANTOWYNE McKENZIE, III,<br><br>Plaintiff,<br><br>v.<br><br>DAKOTA CREMEANS, MICHAEL INGLES, ZACHARY OVERTON, and CITY OF SOUTH BEND,<br><br>Defendants. | ) | CASE NO. 3:25-cv-00304-DRL-SJF |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants, by counsel, and pursuant to Fed. R. Civ. P. 26, 34, 37 responds and objects to Plaintiff's Second Request for Production of Documents:

**PRELIMINARY STATEMENT: THE REQUESTS ARE UNTIMELY**

The Court's Scheduling Order and Memorandum of PreTrial Conference [DE #38] set August 19, 2026, as the deadline for completing all discovery. The deadline passed without any request to extend the deadline. While the Court issued an Order on August 24, 2026, the Requests were served on October 18, 2026, sixty days after discovery closed, and call for a response on November 17, 2026, nearly three months after the deadline. Plaintiff did not seek leave of Court to serve discovery out of time, did not move to extend or reopen the discovery period under Federal Rule of Civil Procedure 16(b)(4), and has not shown good cause or, because the deadline has passed, excusable neglect under Rule 6(b)(1)(B).

Courts in this District have long held that discovery requests must be served in sufficient time to allow the responding party to respond before the discovery deadline. Because the Requests were served after the deadline, they are untimely and Defendants are under no obligation to respond to them. Defendants are serving this response solely to preserve their objections and do not waive, and expressly reserve, their position that the Requests are a nullity. Nothing in this response, and no production of any document, constitutes consent to the reopening or extension of discovery, an agreement that the Requests are timely, or a waiver of Defendants' right to seek a protective order or to quash the Requests. Defendants have not agreed to any extension of the discovery deadline.

## REQUESTS

**REQUEST NO. 1:** OATHS OF OFFICE AND OFFICIAL BONDS. Complete copies of the signed oaths of office of EVERY individual listed on the June 6, 2023 legal preservation notice (Exhibit 39), namely: Scott Ruszkowski, Chief of Police; Joe Leszczynski, Division Chief; Captain David Herron; Lieutenant Mike Ingle; Sergeant Daniel Demler; Officer Dakota Cremeans; Officer Zackary Overton; and Sherri Wildes, Executive Assistant to the Chief's Office; and of the Department of Law officials who issued that notice, namely Kylie Connell, Kathryn Hough, and Sarah Curl-Larson – and of every other City of South Bend official involved in this matter, including but not limited to: Corporation Counsel Sandra Kennedy, Assistant City Attorney Danielle Weiss, Officer Taylor Tobias, and Sergeant Aaron Knepper. Also produce the official surety bond for each individual named above, including any blanket public-official bond

covering their term of office, with the bond number, surety, penal sum, and effective dates.

**RESPONSE:** Defendants object to each Request on the following grounds:

1. **Untimeliness.** Each Request was served after the close of discovery and without leave of Court, for the reasons stated in the Preliminary Statement. Defendants are withholding all documents responsive to each Request on this basis.

2. **Relevance and scope of the claims and defenses.** Rule 26(b)(1) limits discovery to nonprivileged matter relevant to a party's claims or defenses. Defendants object to each Request to the extent it seeks documents that are not relevant to any claim or defense pleaded in this action, or that fall outside the scope of the claims and defenses framed by the Amended Complaint and the Answer. This request seeks documentation regarding persons who are not named defendants in this action.

3. **Proportionality.** Defendants object to each Request because the burden and expense of the proposed discovery outweigh its likely benefit, considering the factors in Rule 26(b)(1): the importance of the issues at stake, the amount in controversy, the parties' relative access to information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery. This is particularly so where, as here, discovery has closed and dispositive motions are pending, so that responding would impose burden and delay without any corresponding benefit to the resolution of the issues.

4. **Documents already produced or equally available.** To the extent the Requests seek documents already produced in this action, or documents equally

available to Defendants, Defendants object that the Requests are cumulative and duplicative and that the discovery can be obtained from a more convenient and less burdensome source. See Fed. R. Civ. P. 26(b)(2)(C)(i).

**REQUEST NO. 2:** UNREDACTED, UNEDITED, RAW RECORDINGS. The complete, unredacted, unedited, native/raw body-worn camera (BWC) and mobile video recorder (MVR) footage of Lt. Michael J. Ingle of the South Bend Police Department from September 25, 2026, between 11:30 AM and 1:00 PM EDT, including his visit to a residence neighboring 802 E. Bowman Street, South Bend, Indiana, at approximately 12:10 PM. I am requesting the native files as recorded -- no redactions, no edits, no muted or deleted segments.

**RESPONSE:** Defendants object to each Request on the following grounds:

1. **Untimeliness.** Each Request was served after the close of discovery and without leave of Court, for the reasons stated in the Preliminary Statement. Defendants are withholding all documents responsive to each Request on this basis.

2. **Relevance and scope of the claims and defenses.** Rule 26(b)(1) limits discovery to nonprivileged matter relevant to a party's claims or defenses. Defendants object to each Request to the extent it seeks documents that are not relevant to any claim or defense pleaded in this action, or that fall outside the scope of the claims and defenses framed by the Amended Complaint and the Answer. This request seeks documentation regarding persons who are not named defendants in this action.

3. **Proportionality.** Defendants object to each Request because the burden and expense of the proposed discovery outweigh its likely benefit, considering the factors in Rule 26(b)(1): the importance of the issues at stake, the amount in controversy, the parties' relative access to information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery. This is particularly so where, as here, discovery has closed and dispositive motions are pending, so that responding would impose burden and delay without any corresponding benefit to the resolution of the issues.

**REQUEST NO. 3:** CHAIN OF CUSTODY LOGS. The complete chain-of-custody and export/audit logs for the recordings described above, including creation, access, export, redaction, and deletion history with timestamps and user identification.

**RESPONSE:** Defendants object to each Request on the following grounds:

1. **Untimeliness.** Each Request was served after the close of discovery and without leave of Court, for the reasons stated in the Preliminary Statement. Defendants are withholding all documents responsive to each Request on this basis.

2. **Relevance and scope of the claims and defenses.** Rule 26(b)(1) limits discovery to nonprivileged matter relevant to a party's claims or defenses. Defendants object to each Request to the extent it seeks documents that are not relevant to any claim or defense pleaded in this action, or that fall outside the scope of the claims and defenses framed by the Amended Complaint and the Answer. This request seeks documentation regarding persons who are not named defendants in this action.

3. **Proportionality.** Defendants object to each Request because the burden and expense of the proposed discovery outweigh its likely benefit, considering the factors in Rule 26(b)(1): the importance of the issues at stake, the amount in controversy, the parties' relative access to information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery. This is particularly so where, as here, discovery has closed and dispositive motions are pending, so that responding would impose burden and delay without any corresponding benefit to the resolution of the issues.

**REQUEST NO. 4:** TELEPHONE RECORDS. As shown in Officer Dakota Cremeans's body-worn camera footage from January 28, 2023, at approximately 2:42 PM EST, Officer Cremeans placed a telephone call from his patrol vehicle prior to the seizure of Plaintiff's vehicle. Produce the call logs for that call — the number dialed, with date, time, and duration — and the call logs (date, time, duration, incoming/outgoing numbers) for every telephone, department-issued and personal, used by Officer Cremeans during his shift on January 28, 2023.

**RESPONSE:** Defendants object to each Request on the following grounds:

1. **Untimeliness.** Each Request was served after the close of discovery and without leave of Court, for the reasons stated in the Preliminary Statement. Defendants are withholding all documents responsive to each Request on this basis.

2. **Relevance and scope of the claims and defenses.** Rule 26(b)(1) limits discovery to nonprivileged matter relevant to a party's claims or defenses. Defendants

object to each Request to the extent it seeks documents that are not relevant to any claim or defense pleaded in this action, or that fall outside the scope of the claims and defenses framed by the Amended Complaint and the Answer. This request seeks documentation regarding persons who are not named defendants in this action.

3. **Proportionality.** Defendants object to each Request because the burden and expense of the proposed discovery outweigh its likely benefit, considering the factors in Rule 26(b)(1): the importance of the issues at stake, the amount in controversy, the parties' relative access to information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery. This is particularly so where, as here, discovery has closed and dispositive motions are pending, so that responding would impose burden and delay without any corresponding benefit to the resolution of the issues.

**REQUEST NO. 5:** GPS ROUTING DATA. The GPS/AVL (automatic vehicle location) data and routing history for Officer Dakota Cremeans's assigned patrol vehicle on January 28, 2023, from the start to the end of his shift, with timestamps and locations.

**RESPONSE:** Defendants object to each Request on the following grounds:

1. **Untimeliness.** Each Request was served after the close of discovery and without leave of Court, for the reasons stated in the Preliminary Statement. Defendants are withholding all documents responsive to each Request on this basis.

2. **Relevance and scope of the claims and defenses.** Rule 26(b)(1) limits discovery to nonprivileged matter relevant to a party's claims or defenses. Defendants object to each Request to the extent it seeks documents that are not relevant to any claim or defense pleaded in this action, or that fall outside the scope of the claims and defenses framed by the Amended Complaint and the Answer. This request seeks documentation regarding persons who are not named defendants in this action.

3. **Proportionality.** Defendants object to each Request because the burden and expense of the proposed discovery outweigh its likely benefit, considering the factors in Rule 26(b)(1): the importance of the issues at stake, the amount in controversy, the parties' relative access to information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery. This is particularly so where, as here, discovery has closed and dispositive motions are pending, so that responding would impose burden and delay without any corresponding benefit to the resolution of the issues.

**REQUEST NO. 6:** SEPTEMBER 12, 2026 PATROL DEPLOYMENT. All records relating to the two South Bend Police Department patrol vehicles (units 3193 and 688) parked at the corner of 802 E. Bowman Street, South Bend, Indiana, on September 12, 2026, at approximately 12:22 PM — including CAD/dispatch logs, the identities of the officers assigned to each vehicle, GPS/AVL data for both vehicles that day, any BWC/MVR footage from those

officers during the deployment, and the reason for the deployment and who directed it.

**RESPONSE:** Defendants object to each Request on the following grounds:

1. **Untimeliness.** Each Request was served after the close of discovery and without leave of Court, for the reasons stated in the Preliminary Statement. Defendants are withholding all documents responsive to each Request on this basis.

2. **Relevance and scope of the claims and defenses.** Rule 26(b)(1) limits discovery to nonprivileged matter relevant to a party's claims or defenses. Defendants object to each Request to the extent it seeks documents that are not relevant to any claim or defense pleaded in this action, or that fall outside the scope of the claims and defenses framed by the Amended Complaint and the Answer. This request seeks documentation regarding persons who are not named defendants in this action.

3. **Proportionality.** Defendants object to each Request because the burden and expense of the proposed discovery outweigh its likely benefit, considering the factors in Rule 26(b)(1): the importance of the issues at stake, the amount in controversy, the parties' relative access to information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery. This is particularly so where, as here, discovery has closed and dispositive motions are pending, so that responding would impose burden and delay without any corresponding benefit to the resolution of the issues.

Respectfully submitted,

s/ Stephanie L. Nemeth

Stephanie L. Nemeth (#25721-71)
BUARI NEMETH, LLC
100 E. Wayne Street, Suite 315
South Bend, IN 46601
Telephone: (574) 213-1911
Email: nemeth@bn-legal.com

*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on November 10, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I hereby further certify that on this same date, I mailed a copy of the foregoing by United States Postal Service, First Class Mail, postage prepaid, to the following non-CM/ECF participants:

Leonard Mckenzie, III
802 E. Bowman Street
South Bend, IN 46628

And emailed to Plaintiff at the following email address: 4yooinfo@gmail.com

s/ Stephanie L. Nemeth
Stephanie L. Nemeth